1  **JASSY VICK CAROLAN LLP**
   Jean-Paul Jassy (SBN 205513)
2     jpjassy@jassyvick.com
   Kevin L. Vick (SBN 220738)
3     kvick@jassyvick.com
   800 Wilshire Boulevard, Suite 800
4  Los Angeles, California 90017
   Telephone:  310-870-7048
5  Facsimile:   310-870-7010

6  **COWAN, LIEBOWITZ & LATMAN, P.C.**
   Richard S. Mandel (*pro hac vice* application forthcoming)
7     rsm@cll.com
   114 West 47th Street
8  New York, NY 10036
   Telephone:  212-790-9200
9  Facsimile:   212-575-0671

10 Attorneys for Plaintiff
   SONY PICTURES TELEVISION INC.
11

12            **UNITED STATES DISTRICT COURT**

13          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15  SONY PICTURES TELEVISION INC., a Delaware corporation, | Case No. |
| 16 | **COMPLAINT** |
| 17              Plaintiff, | (1)  Infringement of Registered Mark, Lanham Act § 32(1) |
| 18       vs. | |
| 19  KNEE DEEP BREWING COMPANY, a Nevada limited liability company; and DOES 1 through 10, inclusive, | (2)  False Designation of Origin, Lanham Act § 43(a) |
| 20 | (3)  Federal Dilution, Lanham Act § 43(c) |
| 21              Defendants. | (4)  Common Law Trademark Infringement and Unfair Competition |
| 22 | |
| 23 | (5)  Violation of Cal. Bus. & Prof. C. § 14330 |
| 24 | (6)  Violation of Cal. Bus. & Prof. C. § 17200 |
| 25 | |
| 26 | **JURY TRIAL DEMANDED** |
| 27 | |
| 28 | |

- 1 -                                           COMPLAINT

Plaintiff Sony Pictures Television Inc., by its attorneys, as and for its Complaint, alleges as follows:

## NATURE OF ACTION

1. This is an action for trademark infringement, false designation of origin, trademark dilution and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1114(1), 1125(a) and (c), and California state law.

## PARTIES

2. Plaintiff Sony Pictures Television Inc. ("SPT") is a Delaware corporation with its principal place of business at 10202 W. Washington Blvd., Culver City, California 90232.

3. Upon information and belief, Defendant Knee Deep Brewing Company ("Knee Deep") is a Nevada limited liability company with its principal place of business at 13395 New Airport Road, Suite H, Auburn, California 95602.

4. The true names and capacities of the defendants sued herein as DOE Defendants 1 through 10, inclusive, are currently unknown to SPT, which therefore sues such defendants by fictitious names. Each of the defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. SPT will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE defendants when such identities become known. Knee Deep and DOE Defendants 1 through 10, inclusive, are referred to collectively herein as "Defendants."

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the federal trademark claims arising under the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338. The

Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred here and Knee Deep has sufficient contacts with this District, including through the sale of the infringing products at issue in this case in this District, such as to be deemed to be subject to personal jurisdiction here and thus to reside here for venue purposes.

## FACTS COMMON TO ALL CLAIMS

### SPT and its BREAKING BAD Marks

7. SPT is a world renowned entertainment company. Its global operations encompass production, acquisition and distribution of television programs; television networks; digital content creation and distribution; and development of new entertainment products, services and technologies.

8. SPT produces and has produced many high-profile widely viewed television shows, including the renowned, Emmy Award winning television series BREAKING BAD, which premiered on the AMC television network in January 2008. The show tells the fictional story of Walter White, a high school chemistry teacher in Albuquerque, New Mexico who, having been diagnosed with terminal lung cancer, turns to a life of crime in partnership with his former student, manufacturing and selling crystal meth in order to provide for his wife and children after his death.

9. BREAKING BAD became one of the most watched cable shows on American television, has been ranked by the *Guinness World Records* as the most critically acclaimed show of all time and has been cited as one of the greatest television series in history. The show has won 16 Primetime Emmy Awards, including the Primetime Emmy Award for Outstanding Drama Series in both 2013 and 2014. Bryan Cranston also won the Primetime Emmy Award for Outstanding Actor in a Drama Series on four separate occasions for his portrayal of Walter White.

1  The show remains available today via Netflix media streaming and DVD rental
2  service, the AMC television channel's website amc.com, and by download for rental
3  or purchase from the iTunes Store, Google Play, Xbox, and Amazon.  The whole
4  series or individual seasons are available for purchase on DVD everywhere that
5  DVDs are sold, including Amazon.com.

6          10.     As a result of the great success enjoyed by SPT's BREAKING BAD
7  show, the BREAKING BAD word mark and various indicia associated with the
8  show, including the BREAKING BAD logo shown below (collectively, "the
9  BREAKING BAD Marks"), have become widely and immediately recognizable to
10 consumers as identifying SPT's entertainment property and goods and services
11 connected with such property:



20 The BREAKING BAD logo presents the words in white lettering, with the first two
21 letters of each word ("Br" and "Ba") framed inside of a green square with white
22 outlining and small white numbers set off in the corners so as to represent the
23 symbols for the chemical elements bromine and barium from the periodic table of
24 chemical elements.

25         11.     SPT owns a federal trademark registration for the BREAKING BAD
26 word mark (Reg. No. 3,718,597) for entertainment services in the nature of an
27 ongoing dramatic television series and DVDs featuring dramatic television
28

programming. Such registration is valid, subsisting and in full force and effect and has become incontestable.

12. In order to further capitalize on the enormous popularity of the BREAKING BAD show, SPT has established an extensive licensing program commercializing various products and services based on the show. SPT sells a wide variety of officially licensed merchandise in connection with the BREAKING BAD Marks at the official BREAKING BAD store located at breakingbadstore.com in addition to other retail sources, including such diverse goods as apparel, glassware, travel cups, mugs, posters, costumes, wallets, keychains, ashtrays, coasters, figurines and action figures, bottle openers, throw pillows, postcards and vodka, to name just some examples of goods sold throughout the United States. SPT has also actively pursued exploiting its BREAKING BAD Marks in the food & beverage category, including the already officially licensed HEISENBERG BLUE Ice Vodka, which uses the pseudonym adopted and used in the show by the fictional lead character Walter White in connection with his clandestine sale of blue colored crystal meth.

13. The right to associate one's business with the BREAKING BAD Marks and accompanying reputation and goodwill associated therewith is extremely valuable. Indeed, companies pay substantial licensing fees for such rights in order to promote and identify their businesses, products and services with the BREAKING BAD Marks and show.

14. As a result of the widespread fame and success of the BREAKING BAD show and SPT's related licensing program, SPT has built up tremendously valuable goodwill in the BREAKING BAD Marks, including the BREAKING BAD logo, as marks symbolizing SPT, its famous BREAKING BAD hit television show and official merchandise associated with the show.

**Knee Deep's Infringing BREAKING BUD Beer**

15. Upon information and belief, Defendant Knee Deep is a manufacturer of beer, ales, porters and stouts.

16. Upon information and belief, beginning in 2015, long after SPT established its valuable trademark rights in its BREAKING BAD Marks, Defendants began selling beer under the name BREAKING BUD.

17. In an obvious effort to trade on the fame and recognition of the BREAKING BAD Marks and associate itself with the tremendous success of SPT's famous television show, Defendants deliberately imitated the BREAKING BAD logo and marketed their product by incorporating other design elements clearly meant to evoke SPT's legendary show.

18. As shown in the image below, the label for Knee Deep's beer presents the BREAKING BUD mark in virtually the identical format as SPT's BREAKING BAD logo:



Thus, just as in the BREAKING BAD logo, Knee Deep's BREAKING BUD mark is presented in white lettering with the first two letters of each word ("Br" and "Bu") set off inside a green box outlined in white with small white numerals in a corner, so as to give the appearance of chemical symbols from the periodic table of elements.

19. In addition, the label and related marketing materials feature a character wearing a hazmat suit appearing against a desert background (such as the Albuquerque setting of SPT's BREAKING BAD show) incorporating the image of

an RV (the type of vehicle used by the fictional characters in BREAKING BAD to cook the crystal meth they sold).  The unmistakable intent and effect of Defendants' marketing strategy is to trade off the renown and recognition of SPT's BREAKING BAD brand by adopting design features that will be immediately identified and associated by the public with SPT's television show.

20.    There is no legitimate need for Defendants to connect their beer with SPT's BREAKING BAD show.  The use of the BREAKING BUD name, the appropriation of the BREAKING BAD logo design and incorporation of other design features evocative of SPT's show are entirely gratuitous and undertaken solely to benefit from the enormous goodwill and immediate recognition of SPT's famous BREAKING BAD marks and thereby avoid the difficult effort of creating Defendants' own unique and recognizable brand image.  Simply put, rather than investing the time, effort and resources necessary to establish their own reputation and identity, Defendants have instead opted to hijack the famous brand identity associated with SPT and its BREAKING BAD show for Defendants' own intended benefit.

21.    Defendants' unauthorized use of SPT's trademarks and design elements threatens to erode the value of SPT's BREAKING BAD Marks by undermining SPT's continuing ability to attract licensees for such marks and secure compensation for the right to associate one's products with the BREAKING BAD show.  In addition, SPT's ability to protect the value and integrity of the BREAKING BAD Marks would be put at severe risk if companies were able to use such marks without subjecting themselves to the standards of quality control exercised by SPT in connection with the use and licensing of such marks.

22.    Defendants' use of the BREAKING BUD mark, together with their copying of the BREAKING BAD logo design and other themes, indicia and imagery associated with SPT's BREAKING BAD show, is likely to cause confusion, mistake or deception as to the source and origin of Defendants' products, and is likely to

cause consumers to draw the false impression that Defendants' goods are associated with, or authorized, endorsed or sponsored by SPT as the producer of the BREAKING BAD show and owner of the BREAKING BAD Marks.

23. Defendants have performed the aforementioned acts without SPT's permission or authority.

24. Upon information and belief, unless and until Defendants are enjoined from any further unauthorized exploitation of the BREAKING BAD Marks, they will continue to use their infringing designations in violation of SPT's rights. Although SPT has sought to halt Knee Deep's infringing conduct, Knee Deep has refused to cease using marks and indicia exclusively associated with SPT's BREAKING BAD show.

25. Upon information and belief, by virtue of their unlawful conduct, Defendants have made or will make substantial profits and gains to which they are not in law or equity entitled.

26. Upon information and belief, Defendants' actions have been willful, wanton, reckless and in total disregard of SPT's valuable trademark rights.

27. As a result of Defendants' unlawful actions, SPT has been or will be damaged and has suffered, and will continue to suffer, immediate and irreparable injury for which SPT has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**

**(Infringement of Registered Mark, Lanham Act § 32(1))**

28. SPT repeats and realleges the allegations set forth in paragraphs 1-27 above with the same force and effect as if set forth fully herein.

29. Defendants' conduct as described above constitutes infringement of SPT's federally registered BREAKING BAD mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin, Lanham Act § 43(a))

30. SPT repeats and realleges the allegations set forth in paragraphs 1-29 above with the same force and effect as if set forth fully herein.

31. Defendants' conduct as described above constitutes the use in commerce of false designations of origin, and false or misleading descriptions of fact or false and misleading representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
### (Federal Dilution, Lanham Act § 43(c))

32. SPT repeats and realleges the allegations set forth in paragraphs 1-31 above with the same force and effect as if set forth fully herein.

33. SPT's BREAKING BAD Marks, including the BREAKING BAD word mark and logo, are distinctive and famous and have enjoyed such distinctiveness and fame since long prior to any sale by Defendants of the infringing BREAKING BUD product at issue in this case.

34. Defendants' conduct as described above is likely to cause dilution of the distinctive quality of SPT's famous BREAKING BAD Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

35. SPT repeats and realleges the allegations set forth in paragraphs 1-34 above with the same force and effect as if set forth fully herein.

36. Defendants' conduct as described above constitutes trademark infringement and unfair competition under the common law of the State of California.

## FIFTH CLAIM FOR RELIEF
### (California Bus. & Prof. Code § 14330)

37. SPT repeats and realleges the allegations set forth in paragraphs 1-36 above with the same force and effect as if set forth fully herein.

38. Defendants' conduct as described above is likely to cause injury to the business of SPT and/or dilute the distinctive quality of SPT's BREAKING BAD Marks.

## SIXTH CLAIM FOR RELIEF
### (California Bus. & Prof. Code § 17200)

39. SPT repeats and realleges the allegations set forth in paragraphs 1-38 above with the same force and effect as if set forth fully herein.

40. Defendants' conduct as described above constitutes unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200, *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, SPT respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

A. That Defendants and their agents, servants, representatives, employees, members, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be permanently enjoined from using the BREAKING BUD mark, the current label design and logo format for Knee Deep's BREAKING BUD product and any other

1  marks, symbols, logos, designs or indicia confusingly similar to SPT's BREAKING
2  BAD Marks.
3      B.    That all websites, merchandise, signs, point of purchase displays and
4  materials, boxes, packaging, labels, wrappings, catalogs, decals, flyers, brochures, or
5  other goods or printed matter or advertising or promotional materials bearing the
6  BREAKING BUD mark or any other marks confusingly similar to SPT's
7  BREAKING BAD Marks, be delivered up for destruction or other disposition at
8  SPT's sole discretion.
9      C.    That Defendants be directed to file with the Court and serve upon SPT,
10 within 30 days after entry of final judgment, a report in writing and under oath setting
11 forth in detail the manner and form in which Defendants have complied with the
12 provisions set forth in Paragraphs A and B above.
13     D.    That Defendants be directed to account to SPT for all gains, profits and
14 advantages derived from Defendants' wrongful acts, together with interest therein.
15     E.    That Defendants pay to SPT any damages sustained by SPT by reason of
16 Defendants' wrongful acts in an amount to be determined at trial, together with
17 interest therein.
18     F.    That as exemplary damages SPT recover from Defendants three times
19 the amount of Defendants' profits or SPT's damages, whichever is greater, for willful
20 infringement and dilution.
21     G.    That Defendants be ordered to pay punitive damages in an amount to be
22 determined at trial as a result of its willful conduct.
23     H.    That SPT recover its reasonable attorneys' fees from Knee Deep,
24 together with the costs of this action.
25 ///
26
27
28

1       I.     That SPT be granted such other and further relief as the Court deems just and proper.

Dated: April 17, 2018        JASSY VICK CAROLAN
                                    Jean-Paul Jassy
                                    Kevin L. Vick

                                COWAN, LIEBOWITZ & LATMAN, P.C.
                                  Richard S. Mandel

                              By:_____/s/ Jean-Paul Jassy_____
                                      Jean-Paul Jassy
                                      Attorneys for Plaintiff
                                      Sony Pictures Television Inc.

**JURY DEMAND**

SPT hereby demands a jury trial on all issues so triable.

Dated:  April 17, 2018        JASSY VICK CAROLAN
                                Jean-Paul Jassy
                                Kevin L. Vick

                              COWAN, LIEBOWITZ & LATMAN, P.C.
                                Richard S. Mandel

                              By:_____/s/ Jean-Paul Jassy_____
                                    Jean-Paul Jassy
                                    Attorneys for Plaintiff
                                    Sony Pictures Television Inc.

COMPLAINT